HANNAH COPP *vs.* R. A. COPP, AND CERTAIN LOGS.

Oxford.     Opinion August 24, 1907.

*Husband and Wife.   Actions.   Dismissal and Nonsuit.   Log Liens.   Pleadings. Declarations.    Attachment.   Demurrer.   Costs.   R. S., chapter 93, sections 91, 63.*

1.   A wife cannot maintain an action against her husband even for services as cook in his logging operations; and when in such action the fact of coverture appears, the action must be dismissed even though the husband does not appear and is defaulted.

2.   To sustain an attachment of specific property to enforce a claim of lien thereon under R. S., chapter 93, section 61, it is not sufficient to state in the writ, outside of the declaration, that the suit is brought to enforce the lien.   It must be so stated in the declaration itself.

3.   The owner of property thus attached may appear and become a party to the suit, and if he does thus appear he can challenge by demurrer the sufficiency of the declaration to sustain a lien judgment against his property.

4.   When a lien judgment is denied, the owner of the property, if he has appeared, is entitled to costs from the time of his appearance.

On agreed statement.   Demurrer to declaration sustained.   Action dismissed.

Assumpsit on account annexed brought by the plaintiff against the defendant, R. A. Copp, to recover the sum of $210 for "six months labor at $35.00." The plaintiff is the wife of the said defendant, R. A. Copp.   The case shows that the plaintiff brought this suit against her said husband for her own labor in cooking for men

employed by him in cutting, hauling and piling certain spruce logs and that she claimed a lien on said logs, the suit, however, being for the benefit of one L. W. Blanchard to whom she had assigned her claim.

The writ was sued out of the Rumford Falls Municipal Court, Oxford County, April 2, 1907, and commands the officer " to attach the goods and estate of R. A. Copp of Andover and particularly and especially to attach as of lien, 750,000 of six-foot spruce timber cut by the said R. A. Copp on Beaver Brook in Byron : and now piled on the Bank of the said Beaver Brook : To answer unto Hannah Copp (for the benefit of L. W. Blanchard) who claims a lien on said timber for her labor as cook for the men employed in cutting, hauling and piling this said 750,000 feet of six-foot spruce namely for six month's labor as cook from September 18th, 1906, to March 18th, 1907, six months at thirty-five dollars per mo. $210. to the value of Three hundred dollars, and summon the said defendant, (if he may be found in your precinct) to appear before our Judge of our Rumford Falls Municipal Court at Rumford, in said County of Oxford, to be holden at the Municipal Court Room in Rumford Falls Village, on the fourth Tuesday of May A. D. 1907, then and there in our said Court to answer unto Hannah Copp for the benefit of L. W. Blanchard, Assignee of same, as appears by the assignment of the said account to him from her which assignment, or a copy thereof is to be filed in court with this writ," and contains two counts, one being "R. A. Copp to Hannah Copp, Dr. To six months labor at $35.00, $210," and the other the usual omnibus count.

The writ contains no reference to a lien or claim of lien other than that found in the command to the officer.

The officer's return on the writ shows an attachment "as of lien" of "750,000 feet of six-foot timber cut by R. A. Copp on Beaver Brook in Bryon in said county, and now piled on the west bank of the said Brook, near Pressey's camps," &c.

The other facts, as shown by the agreed statement, are as follows :

"The writ was entered at the May term, 1907, of the Rumford Falls Municipal Court, at which term Oscar W. Pressey, owner of

property attached, voluntarily appeared, and became a party to the suit. The defendant, R. A. Copp, did not appear.

"On the second day of said term, the following pleadings were filed, and pro forma, rulings made and exceptions taken as a basis of an agreed statement, to the Law Court in accordance with sec. 2, chap. 329 of the Private and Special Laws of 1903.

"First Ruling. Oscar W. Pressey, owner of property attached, filed plea in abatement. Plaintiff demurred. Demurrer sustained.

"Second Ruling. Oscar W. Pressey, owner of property attached, filed special demurrer to plaintiff's writ and declaration. Demurrer overruled.

"To both of which rulings, Oscar W. Pressey, owner of property attached, excepted, and it was agreed that the case be reported to the Law Court and that the decision of the Law Court be certified to the Judge of the said Rumford Falls Municipal Court, for such further disposition of the cases as the law requires."

The pith of the case appears in the opinion.

*Gleason & Blanchard*, for plaintiff.

*Bisbee & Parker*, for O. W. Pressey, owner of the attached logs.

SITTING:    EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

EMERY, C. J.    By the writ in this case the officer was commanded to attach the property of the personal defendant, and also certain specific logs for the enforcement of a lien claimed by the plaintiff upon them. This was done and the writ properly returned and entered in the Rumford Falls Municipal Court. The personal defendant did not appear, but one Pressey, the owner of the logs thus attached, did appear voluntarily and became a party to the suit as he was authorized to do by R. S., chapter 93, section 63. Sundry pleadings between the plaintiff and Pressey were then filed in that court and rulings made, whereupon the whole case was reported direct to the Law Court upon agreed statement for disposition according to Sec. 2 of Ch. 239 of Private Laws of 1903 amendatory of the act establishing the Rumford Falls Municipal Court.

Mr. Pressey demurred to the declaration as insufficient for a lien judgment against his logs. While in the command to the officer to attach the logs it was stated that the plaintiff claimed a lien on them ; in the declaration there was no mention of any lien claim nor of any facts constituting a lien. There were two counts only, one upon an account annexed for " six months labor at $35," and the other the usual omnibus count. In neither of them were there any words showing that the suit was brought to enforce a lien as required by the statute, R. S., chapter 93, section 61. It follows that the plaintiff cannot have judgment against the logs.

The plaintiff's claim for a lien was purely statutory and could be enforced only by compliance with the statute providing therefor. The words of that statute are " The declaration must show that the suit was brought to enforce the lien." It is not enough that it so appears in some part of the writ, outside of the declaration. It must appear in the declaration itself. *Parks* v. *Crockett,* 61 Maine, 489.

The plaintiff contended in argument that Mr. Pressey could not raise the question of the sufficiency of the declaration by demurrer but only by motion to dissolve the attachment. Pressey, however, became a party to the suit by authority of the statute and as such party could interpose any defence of law or fact that would prevent judgment against his property attached. *Parks* v. *Crockett,* supra.

It further appears from the pleadings and the agreed statement that the plaintiff and the personal defendant are husband and wife, and were such at the date of the writ. It is admitted that no judgment should be rendered against him, hence the action should be dismissed.

> *Demurrer to the declaration sustained.*
> *Action dismissed with costs for the*
>    *owner of the logs from the time of*
>    *his appearance.*